UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18CR0-155 AGF (NCC) |
| | ) |
| HARLEY POSPISIL, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION OF DETENTION ORDER**

Comes now the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Colleen Lang, Assistant United States Attorney for said district, and files its response to the Defendant's motion for reconsideration of the detention order.

In this case, the defendant has been charged by Superseding Indictment with one count of Receipt of Child Pornography and two counts of Possession of Child Pornography. After numerous violations while on pretrial release, Pre-Trial Services requested the defendant be detained awaiting trial, the defendant ultimately agreed and turned himself into custody on September 21, 2018 (DCD #35, 36, 40). The Court Ordered the defendant detained awaiting trial. Now the defendant is requesting a reconsideration of that detention order. The Government is opposed to his release.

The defendant began pre-trial release in March of 2018. While on pre-trial release, the defendant had several violations:

- April 24, 2018, the defendant's urinalysis was positive for alcohol, marijuana, and

1

amphetamines.

- May 9, 2018, the defendant failed to attend sex offender treatment.
- June 5, 2018, the defendant failed to attend substance abuse treatment.
- June 9, 2018, the defendant's urinalysis was diluted.
- June 12, and 21, 2018, the defendant's urinalysis was positive for marijuana.
- June 25, 2018, the defendant failed to report to substance abuse treatment.
- July 23, and July 27, 2018, the defendant's urinalysis was positive for amphetamines.
- July 11 and July 18, 2018, the defendant failed to attend sex offender counseling.
- August 6, 2018, the defendant failed to submit a urinalysis.
- September 14, 2019, the defendant's urinalysis returned positive for marijuana.
- September 15, 2019, the defendant failed to submit a urinalysis.
- September 18, 2018, the defendant failed to report and attend group and individual counseling sessions.

On September 19, 2018, the defendant's counsel filed a motion to surrender and to be removed from bond. A hearing based upon that motion was set on September 21, 2018 and defendant turned himself into the U.S. Marshal's Office that day.

Defendant now asks to be placed on bond and argues that he should not have to participate in sex offender treatment because he is presumed innocent of the charges against him.

First, the government will address why the sex offender treatment was a permissible condition of release. While the defendant does have the presumption of innocence, a grand jury has determined after reviewing the facts of his case, that there is probable cause to believe that the defendant received child pornography and possessed child pornography on two separate

2

dates. Further, the Magistrate Court has the authority to order conditions of bond upon release to mitigate the defendant's risk of flight and/or danger to community.

The Courts, through the authority of the Bail Reform Act, have discretion to order reasonable restrictions on a defendant's action while he is awaiting trial. "In *United States v. Salerno,* 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987), the Supreme Court noted the breadth of legitimate interests Congress could pursue in restricting pretrial release. 481 U.S. 739, 753, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) (rejecting "the proposition that the Eighth Amendment categorically prohibits the government from pursuing other admittedly compelling interests through regulation of pretrial release.") The Court specifically noted that "[t]he government's interest in preventing crime by arrestees is both legitimate and compelling." *Id.* at 749. The Supreme Court further required that bail and release conditions be "reasonably calculated to fulfill" the Government's purpose, *Stack v. Boyle,* 342 U.S. 1, 5, 72 S.Ct. 1, 96 L.Ed. 3 (1951), and that the "only arguable substantive limitation of the Bail Clause [in the U.S. Constitution] is that the Government's proposed conditions of release or detention not be 'excessive' in light of the perceived evil." *Salerno,* 481 U.S. at 754." *United States vs. Brown,* WL 2757322 *2 (D. Arizona. 2008).

Thus, since the defendant has been indicted by the Grand Jury of two separate instances of possessing child pornography, the Court can order him to participate in sex offender treatment in order to mitigate any potential urge or attempt to possess child pornography again while on pre-trial release. The sex offender treatment condition is "reasonably calculated" and not "excessive" based on the nature of the charges against him, the weight of the evidence, and the defendant's character.

Lastly, the Government is opposed to the defendant's release pending trial. The

defendant is charged with Receipt of Child Pornography, which carries the rebuttable presumption[1] of detention under Title 18 Section 3142(e)(3)(E). Defendant has not proffered any evidence to overcome this presumption. The defendant accrued approximately fifteen (15) violations while on pre-trial release the first time, making him an unworthy candidate for a second chance.

The defendant is facing serious charges, including one that carry a mandatory minimum sentence. The natures of these serious charges, coupled with the weight of the evidence against him and his inability to abide by pre-trial release conditions, make him a serious flight risk and danger to the community. Community supervision cannot adequately protect the public in this case.

### III.   CONCLUSION

Based on the facts of the case, the nature of the charges involving minors, the defendant's numerous pre-trial release violations, and the presumption of detention, the defendant should remain confined awaiting trial.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

*s/ Colleen C. Lang*
COLLEEN C. LANG, #56872MO

---

[1] Under Title 18 U.S.C., Section 3142(e)(3)(E), subject to rebuttal by the defendant, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe the person committed – an offense involving a minor victim under section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(a), 2252(a)(2), 2252(a)(3), 2252A(a)(1) and 2422.

>Assistant United States Attorney
>111 South 10th Street, Room 20.333
>St. Louis, MO 63102
>(314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2019, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

>*s/ Colleen C. Lang*
>COLLEEN C. LANG, #56872MO
>Assistant United States Attorney