UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. S1-4:18CR00155 AGF(NCC) |
| HARLEY A. POSPISIL, | ) ) ) | |
| Defendant. | ) | |

## **ORDER**

This matter is before the Court on the Defendant's pretrial motions. All pretrial motions were referred to United States Magistrate Noelle C. Collins under 28 U.S.C. § 636(b). Defendant Harley A. Pospisil filed an Amended Motion to Suppress Evidence (Doc. No. 80).

In his amended motion to suppress evidence, Defendant seeks to suppress only evidence of a Samsung cellular phone and its contents, and any evidence derived therefrom. Defendant contends that his cell phone, or smartphone, was illegally searched in violation of the Fourth Amendment because the search warrant obtained for the search of his residence referenced "electronic data processing and storage devices, computer and computer systems," but did not specifically reference any cell phones. The case is set for trial on March 2, 2020.

Judge Collins held an evidentiary hearing on September 26, 2019, at which Deputies Brian Johnson and Chris Bosley, both with the Lincoln County Sheriff's Office,

testified. A second hearing was held on November 14, 2019, at which Defendant confirmed he was not seeking to suppress any evidence involving the events of April 2013. On December 23, 2019, the Magistrate Judge issued a Memorandum, and Report and Recommendation ("R&R"), recommending that Defendant's motions be denied. (Doc. No. 105.) The Magistrate Judge found that the search warrant was defective as to Defendant's cell phone, because the cell phone was outside the scope of the warrant, but recommended that the search of the cell phone not be suppressed under the good faith exception to the exclusionary rule. Defendant objected to the Magistrate Judge's recommendation that the good faith exception should apply. (Doc. No. 110.)

When a party objects to a Report and Recommendation concerning a motion to suppress in a criminal case, the court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)).

The Court conducted a *de novo* review of the motion to suppress, including a review of the transcript and the exhibits introduced at the hearing. Based on that review, the Court concludes that the Magistrate Judge made proper factual findings, and agrees that the good faith exception properly applies, such that the evidence obtained from the cell phone should not be suppressed.

**Background**

The facts are set forth in greater detail in the R&R. Defendant has not objected to these factual findings, which the Court adopts and incorporates herein. In summary,

Deputy Johnson was contacted by Defendant's girlfriend, with whom Defendant lived. She advised Deputy Johnson that she had found child pornography on Defendant's computer and cell phone, and that he had multiple computer devices. She provided SD cards and a thumb drive on which she had downloaded copies of some of the images she had found. The information was provided to Deputy Bosley, who was assigned to the St. Charles County Cyber Crimes Task force, which coordinated investigations of child pornography and child exploitation. Deputy Bosley obtained a state search warrant. The warrant properly identified the residence as the place to be searched, and recited that the property to be searched at the residence was being used for the purpose of keeping or holding evidence of a criminal offense in violation of the statute pertaining to child pornography. The warrant specifically included among items to be searched "any and all electronic data processing and storage devices, computer and computer systems including central processing unit, internal peripheral storage devices . . . ; digital cameras, . . . [and] search and seizure of any physical storage device and virtual, cloud or networked storage devices and drives attached to the computer or electronic devices . . . ." Ex. 1A. Neither the affidavit nor the search warrant itself specifically listed or mentioned any "cell phone."

Although finding the search warrant to be defective because the cell phone was outside the scope of the warrant, the Magistrate Judge found that the requirements for the good faith exception expressed in *United States v. Leon*, 468 U.S. 897 (1984) were met, specifically finding that Deputy Bosley, who obtained the search warrant and participated in the search, reasonably intended for the search warrant to cover the cell phone.

3

Defendant objects to this finding based on the Supreme Court's decision in *Riley v. California*, 573 U.S. 373, 400 (2014). Defendant argues that *Riley* recognized the wealth of private information that can be contained on a modern cell phone, and held that officers must obtain a search warrant to search a cell phone. He further asserts that inasmuch as *Riley* was issued more than three years[1] prior to the search in this case, and given Deputy Bosley's expertise, it was unreasonable for him to believe the warrant would cover the cell phone and to fail to specify the cell phone among the items to be searched.

## Discussion

In this case, Defendant does not challenge that there was probable cause to support the issuance of the warrant. Nor does he challenge that the warrant properly authorized the search and seizure of Defendant's computers and other electronic storage devices. He challenges only the search of his cell phone, asserting that it is outside the scope of the warrant. Thus, the narrow question before the Court is whether, assuming the cell phone is not covered by the warrant,[2] the search falls within the good faith exception to the exclusionary rule expressed by *Leon*.

Defendant cites to *Riley,* arguing that it was unreasonable for an officer to believe this warrant could support a search of Defendant's cell phone. But the holding in *Riley*

---

[1] In fact, *Riley*, which was decided on June 25, 2014, was issued less than three years prior to the events in this case, which occurred on December 20, 2016.

[2] The United States did not object to the Magistrate Judge's conclusion that the cell phone was not covered by the warrant.

4

has little application to these facts. At issue in *Riley* was whether officers could effect a *warrantless* seizure and seizure of a cell phone, justified as a search incident to an arrest. The officers here did not seize and search Defendant's cell phone without a warrant, incident to an arrest; they obtained a warrant. *United States v. Kilman*, No. 16-cr-160 (MJD/LIB), 2016 WL 6134546, at *4 (D. Minn. Sept. 6, 2016) ("Because *Riley* addressed warrantless searches of cell phone data, it is not controlling here, where officers obtained a search warrant prior to searching Defendant's cell phone.") (emphasis removed). And the testimony and other evidence supports the Magistrate Judge's finding that the officer believed that the language in the warrant included electronic devices, such as a smartphone. He credibly testified that based on his experience in 2016, child pornography was "mostly digital videos and images from the internet," and he was "looking for anything that could store that type of digital evidence." (Doc. No. 97, at 16).

Based on a review of the entire record, the Court agrees with the Magistrate Judge's conclusion that it was reasonable for the officer to believe that the search warrant did in fact cover the cell phone. In *Riley*, the Supreme Court recognized that "[t]he term 'cell phone' is itself misleading shorthand; many of these devices are in fact minicomputers that also happen to have the capacity to be used as a telephone. They could just as easily be called cameras, video players, rolodexes, calendars, tape recorders, libraries, diaries, albums, televisions, maps, or newspapers." *Riley*, 573 U.S. at 393. The Court specifically noted that "[o]ne of the most notable distinguishing features of modern cell phones is their immense storage capacity," such phones then having a

5

standard capacity of 16 gigabytes, and up to 64 gigabytes. "Sixteen gigabytes translates to millions of pages of text, thousands of pictures, or hundreds of videos." *Id.*

The record reflects that the cell phone seized from Defendant is a smartphone that was internet capable, and is a storage device that holds images and texts, and is functionally equivalent to a computer. (Doc. No. 97, at 24.) Here, the search warrant specifically authorized the search of "any and all electronic data processing and storage devices," and "optical storage devices, or other memory storage devices," and the search of "any physical storage device," all of which match the characteristics of Defendant's smartphone device. Moreover, an examination of the device itself shows that it has a camera, and the warrant specifically authorizes the search of any digital camera. Although Defendant argued in his motion that no normal person in the United States would call their cell phone a computer, that same "normal person" would surely consider his or her smartphone to be a digital camera. Indeed, a strong argument can be made that the search warrant is sufficiently particularized and covers the search of Defendant's smartphone.[3]

---

[3] As the government noted in its initial opposition brief, numerous cases have found cell phones to be functionally equivalent to computers, such that search warrants for computers or electronic devices properly included cell phones. *See*, *e.g.*, *United States v. Aguirre*, 664 F.3d 614, 615 (5th Cir. 2011); *United States v. Horton*, No. 12-228, 2013 WL 3833250, at*2 (E.D. Pa. July 25, 2013) (collecting cases). *Riley* addressed the warrantless searches of cell phones incident to an arrest, and the need to obtain a search warrant for such digital data, and not what language was necessary in a search warrant to properly include a cell phone. As such, the Court does not believe that *Riley* undermines the holding of these cases. The Magistrate Judge cited *United States v. Rosa*, 626 F.3d 56, 62 (2d Cir. 2010) as a case which found a search warrant for "electronic equipment or digital information" defective as overbroad. (Doc. No. 105, at 6.) But the warrant in *Rosa* was found to be defective not because "electronic equipment" was itself overbroad

For these reasons, and the further reasons stated in the R&R, the Court agrees that the digital information and evidence found on Defendant's smartphone was obtained in good faith reliance on a valid state search warrant. Although the better course would have been to specifically reference cell phones in the warrant, the officer who prepared the warrant reasonably believed Defendant's cell phone was covered by the warrant, and the search – in which the officer participated – was conducted in good faith reliance on that search warrant. As such, the evidence should not be suppressed.

Accordingly,

**IT IS HEREBY ORDERED** that, except as specifically noted herein, the Memorandum, and Report and Recommendation of United States Magistrate Judge [Doc. No. 105] is **SUSTAINED, ADOPTED, AND INCORPORATED** herein.

**IT IS FURTHER ORDERED** that Defendant's Amended Motion to Suppress Evidence [Doc. No. 80] is **DENIED**.

---

or would not include a cell phone, but rather because the warrant, which did not properly incorporate the affidavit, "fail[ed] to link the items to be searched and seized to the suspected criminal activity – i.e., any and all electronic equipment potentially used in the connection with the production or storage of child pornography…." *Rosa*, 626 F.3d at 62. As such, "the warrant directed officers to seize and search certain electronic devices, but provided them with no guidance as to the type of evidence sought." *Id.* Defendant raises no such challenge here, and the search warrant here links the items to be searched to the criminal offense at issue. *United States v. Szczerba*, 897 F.3d 929, 936 (8th Cir. 2018), cited in the R&R, is also distinguishable. In *Szczerba* the court found the search warrant lacked particularity because it mistakenly did not list any items to be seized at all, and failed to incorporate the affidavit.

A final pretrial conference will be scheduled by separate Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 18th day of February, 2020.